**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Jonathan Gil, Esq. (SBN: 347431)
jonathan@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, California 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*
Beth Sarver Ashworth

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH SARVER ASHWORTH, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDCO DIRECT LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, Beth Sarver Ashworth ("Plaintiff"), brings this action against Defendant Goldco Direct LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c).

2. This is a putative class action pursuant to 47 U.S.C. § 227 et seq.

3. Defendant is involved in precious metal investments. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place while Defendant resided in the Central District of California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Furthermore, Defendant and Plaintiff are residents of different states (Florida and California, respectively). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

11. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's principal place of business is in Calabasas, California and Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

**PARTIES**

12. Plaintiff is a natural person residing in the City of Kissimmee, State of Florida.

13. Defendant is a company based in Calabasas, California, that offers financial investment opportunities.

**THE TCPA**

14. The TCPA facilitated the creation and "operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations[.]" 47 U.S.C. § 227(c)(3).

15. Accordingly, the TCPA prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database[.]" 47 U.S.C. § 227(c)(3)(F)

16. Congress empowered the Federal Communications Commission ("FCC") to issue rules and regulations implementing the TCPA.

17. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated and prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and such calls can be costly and inconvenient.[1]

18. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *Id*.

- 3 -
COMPLAINT

19. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers.[3]

20. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature such that plaintiff had "'clear and conspicuous disclosure' of the consequences of providing the requested consent…and having received this information, [Plaintiff] agree[d] unambiguously to receive such calls at a telephone number the [plaintiff] designate[d]."[4]

21. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."[5]

22. In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.[6]

23. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services."[7]

24. The FCC defined telemarketing as calls motivated in part by the intent to sell property, goods, or services.[8] This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future.[9]

25. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.[10]

---

[3] *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012).
[4] *Id*. at ¶ 33.
[5] 47 C.F.R. § 64.1200(f)(12)
[6] See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015)
[7] *Id*. at 820; (citing 47 C.F.R. §§ 64.1200(a)(2)(iii); 64.1200(f)(12)); See also *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd 14098 ¶ 141 (2003)).
[8] *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd 14014 ¶¶ 139-142 (2003).
[9] *Id*.
[10] *Id*. at ¶ 136.

26. If a call is not deemed telemarketing, the defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.[11]

27. As the Ninth Circuit Court of Appeals explained, "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."[12] Thus, "[a] plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'"[13]

## FACTUAL ALLEGATIONS

28. At all times relevant, Plaintiff was an individual residing within the State of Florida.

29. At all times relevant, Defendant resided in the State of California.

30. Plaintiff put her number on the National Do Not Call Registry on February 1, 2024.

31. Plaintiff uses her cellular device for residential purposes such as speaking with friends and family.

32. Defendant is required to check the National Do Not Call Registry before attempting to call.[14]

33. On or around March 19, 2024, Plaintiff received a text message from Defendant that stated:

> Bidenflation just got 50% worse and the media is lying again. You won't believe how they're spinning this to keep you in the dark. Call Goldco at 855-512-9027

34. On or around March 28, 2024, Plaintiff received a text message from Defendant that stated:

> Ben Stein's FREE RETIREMENT REPORT expires soon. Get yours today while you still can by clicking https://link.goldco.com/benstein.

35. On or around April 24, 2024, Plaintiff received a text message from Defendant that stated:

> Biden's WW3 could devastate your IRA or 401K. Protect your money today! Call Goldco at (855) 512-9027!

36. These text messages appeared on Plaintiff's phone as follows:

---

[11] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")
[12] *Van Pattern v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).
[13] *Id.* (quoting *Spokeo v. Robins*, 578 U.S. 330, 342 (2016) (emphasis original).
[14] 47 U.S.C. § 227(c)(3)(F).



37. While these text messages appeared thirty-one (31) days after Plaintiff DNC registration, Defendant sent others throughout February of 2024:



38. Defendant's text messages constitute telephone solicitations because Defendant encouraged the future purchase or investment in property, goods, or services under 47 U.S.C. § 227(a)(4), i.e., attempting to sell financial investments.

39. Defendant sent the text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant made other telephonic solicitations to individuals residing within this judicial district and throughout the United States.

40. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).

41. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

42. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

43. Defendant's unsolicited texts caused Plaintiff actual harm. Specifically, Plaintiff estimates that she spent numerous hours investigating the unwanted phone calls including how they obtained her number and who the Defendant was.

44. Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

45. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

46. Plaintiff brings this case on behalf of Class defined as follows:

<u>The Federal TCPA DNC Class</u>

All persons within the United States who received two or more telemarketing text messages within a 12-month period from Defendant to said person's telephone without consent, and such person had previously included their name on the

National Do Not Call Registry at least 31 days prior to receiving Defendant first call, within the four years prior to the filing of this Complaint.

47. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

48. Upon information and belief, Defendant has placed calls to residential telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

49. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

50. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    (1) Whether Defendant made non-emergency telephonic communications to Plaintiff's and Class members' cellular telephones;

    (2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to send such text messages;

    (3) Whether Defendant's conduct was knowing and willful;

    (4) Whether Plaintiff and the putative class members' phone numbers were on the national do-not-call registry at the time Defendant called;

    (5) Whether Defendant is liable for damages, and the amount of such damages; and

    (6) Whether Defendant should be enjoined from such conduct in the future.

51. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone

services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

52. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

53. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

54. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

55. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

<u>**CAUSE OF ACTION CLAIMED BY PLAINTIFF**</u>

**COUNT I**

**NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227(C)(5)**

56. Plaintiff re-alleges and incorporates paragraphs 1-55 as if fully set forth herein.

57. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the law or rules of court of a State bring in an appropriate court of that State:

   (A) an action based on a violation of the regulations prescribed under this subjection to enjoin such violation,

   (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

   (C) both such actions.

58. Defendant sent Plaintiff and other members of the Class telemarketing solicitations via text message without their prior express consent.

59. These calls were made without regard to whether or not Plaintiff or Class members were on the National Do Not Call Registry.

60. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making or directing a third party to make, two or more non-emergency telephone solicitations to the phones of Plaintiff and the other members of the putative Class without their prior express written consent.

61. Defendant knew that it did not have prior express consent to make these calls since Plaintiff and members of the Class were registered on the National Do Not Call registry. The violations were therefore willful or knowing.

62. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- 10 -
COMPLAINT

- A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;
- An injunction prohibiting Defendant from calling telephone numbers on the national do-not-call registry without the prior express consent of the called party;
- An order naming Plaintiff as the class representative;
- An order naming Plaintiff's counsel as class counsel;
- An award of actual and statutory damages;
- Treble damages for willful violations; and
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

63. Plaintiff is entitled to, and demand, a trial by jury on all issues so triable.

Dated: July 22, 2024　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**KAZEROUNI LAW GROUP, APC**


　　　　　　　　　　　　　　　　　　　　　By: */s/ Ryan L. McBride, Esq.*
　　　　　　　　　　　　　　　　　　　　　　　Ryan L. McBride, Esq.
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*